**June A. WILSON et al., Plaintiffs,**

v.

**ALLIED CHEMICAL CORPORATION et al., Defendants.**

**Civ. A. No. 76–0622–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 20, 1977.

C. Allen Riggins, Moenssens & Moenssens, Susan G. Moenssens, Richmond, Va., for plaintiffs.

Hill B. Wellford, Jr., Hunton & Williams, Thomas J. Manley, Richmond, Va., Jonathan G. Axelrod, Bethesda, Md., Thomas H. Kohn, Arlington, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, two female employees of the defendant, Allied Chemical Corporation, bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d), to redress alleged illegal employment practices engaged in by the defendants. Industrial and Allied Workers Local Union No. 101 is also named as a defendant. The plaintiffs seek injunc-

tive, declaratory and monetary relief. Jurisdiction is alleged pursuant to 29 U.S.C. §§ 185, 206(d), 412 and 42 U.S.C. § 2000e–5(f). The matter comes before the Court on the plaintiffs' motion to compel the defendant Allied to answer interrogatories.

This motion illustrates the difficulties inherent in managing discovery in alleged class actions. The plaintiffs seek to maintain this action as a class action on behalf of all females who, since July 2, 1965, have been, are presently, or may in the future be employed by Allied at its Chesterfield Fibers Plant and Technical Center. The plaintiffs allege that Allied engages in sexually discriminatory practices with regard to the classification of jobs, hiring, transfers, promotions, discharges, layoffs, compensation, and by failing to take affirmative steps to alleviate the continuing effects of past discrimination. Further, plaintiffs charge that Allied has violated the terms of a consent decree entered by this Court in *Powell v. Allied Chemical Corp.,* C.A. No. 213–71–R (E.D.Va. September 27, 1971). In short, the plaintiffs are attempting to launch an across-the-board attack on alleged sexual discrimination by Allied.

The interrogatories which are the subject of the instant motion are as broad as the allegations of discrimination. Predictably, they request information, broken down by gender, concerning personnel and practices for virtually every department and job classification at Allied's Chesterfield Fibers Plant and Technical Center. The defendant Allied represents that it will require several hundred hours to answer these interrogatories. The Court has no reason to doubt the accuracy of this estimate. The defendant advances essentially two reasons why it should not be required to answer these burdensome interrogatories. First, it asserts that the plaintiffs are challenging practices to which they have not been subjected and, therefore, which they have no standing to challenge. Secondly, Allied maintains that class discovery is inappropriate where many of these issues have been disposed of via a consent decree in prior litigation.

The Court cannot find this second contention to be controlling. An element of the plaintiffs' allegations is that the consent decree is being violated and that defendants' actions taken subsequent to the decree effectively negate the compensatory purposes of the decree. The EEOC, in investigating the charge giving rise to this action, found substantial support for this latter claim and concluded that actions taken subsequent to the decree served to perpetuate past discrimination. Accordingly, under the current allegations, the Court cannot conclude that the prior consent decree precludes class discovery.

The nexus between the plaintiffs and the challenged practices presents a more difficult issue. Title VII suits are generally well suited for class treatment. *See Barnett v. W. T. Grant Co.,* 518 F.2d 543, 547 (4th Cir. 1975). A Title VII plaintiff, nonetheless, must discharge his or her burden of showing that the requirements of Federal Rules of Civil Procedure, Rule 23(a) are satisfied. *Doctor v. Seaboard Coast Line R. R. Co.,* 540 F.2d 699, 706 (4th Cir. 1976); *Nance v. Union Carbide Corp.,* 540 F.2d 718, 722–24 (4th Cir. 1976). The United States Court of Appeals for the Fourth Circuit has advised that pleadings alone are often an insufficient basis for determining whether class certification is appropriate. Accordingly, discovery, and perhaps even a preliminary evidentiary hearing, must precede a court's ruling on the propriety and/or scope of a purported class action. *Roman v. ESB, Inc.,* 550 F.2d 1343, 1348–49 (4th Cir. 1976); *Doctor v. Seaboard Coast Line R. R. Co., supra,* at 707–08.

In ascertaining whether a given action should proceed under Rule 23, the Court must consider, among other factors, whether the named plaintiffs appear to be representative of the purported class and the typicality of their claims in comparison to those of the purported class members. When the Court rules on the class certification motion, the Court will be in a position to determine whether the defendant is correct in its contention that the plaintiffs are not sufficiently personally aggrieved to represent the class on all the issues advanced.

*Compare Doctor v. Seaboard Coast Line R. R. Co., supra,* at 709, *with Barnett v. W. T. Grant Co., supra,* at 547–48 and n. 4. *See also East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). If it should appear at that time that the plaintiffs have abused the discovery process, the Court may impose the appropriate sanctions. Consistent with the suggestion in *Doctor v. Seaboard Coast Line R. R. Co., supra,* however, the Court at this stage must permit discovery reference the purported class to continue.

■ Allied's objections to interrogatories 102–107 are premised on the confidential nature of the requested information. Plaintiffs have offered to submit to a protective order. Accordingly, the defendant will be directed to prepare such an order and, upon its entry, will answer the interrogatories. Interrogatory 57 calls for information concerning communications between Allied and counsel. The Court views this information as privileged and, therefore, will sustain Allied's objection on that basis.

It is hoped that the cooperation of counsel will minimize the burden imposed by the interrogatories. Counsel is also directed to inform the named plaintiffs of the fact that should the court conclude that justice requires it, the costs of responding to these burdensome interrogatories may well be assessed against them.

An appropriate order will issue.